## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT MYERS

KAREN RUSS, on her own behalf and
on behalf of those similarly situated,

CASE NO.:

      Plaintiff,

v.

NATIONAL FITNESS CLUBS OF
FLORIDA, INC., A Florida Profit
Corporation, d/b/a  GULF COAST
FITNESS,  d/b/a GOLD'S GYM
OF CAPE CORAL, and d/b/a GOLD'S
GYM OF FT. MYERS, and  JOSEPH
CIANFERO, Individually,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KAREN RUSS ("Plaintiff"), on her own behalf and on behalf of those similarly

situated files this Complaint against Defendants, NATIONAL FITNESS CLUBS OF FLORIDA,

INC., a Florida Profit corporation, d/b/a GULF COAST FITNESS ("GCF"), d/b/a GOLD'S

GYM OF CAPE CORAL, ("GGCC"), and d/b/a GOLD'S GYM OF FT. MYERS ("GGFM"),

(collectively, "NFCF"), and JOSEPH CIANFERO ("CIANFERO") (collectively "Defendants"),

and states as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair

Labor Standards Act, as amended (29 U.S.C. §201, et seq.) ("FLSA") to obtain conditional

certification pursuant to Section 216(b) of the FLSA, of hourly employees who worked for

Defendants in the three years preceding the filing of the Complaint, an order permitting Notice to

all potential class members; a Declaration that Defendant's policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 29 U.S.C. §216(b).

## PARTIES

3.    At all times material to this action, Plaintiff was, and continues to be, a resident of Lee County, Florida.

4.    On or about April 29, 2015, Defendants GGCC and GGFM (both fictitious names of National Fitness Centers of Florida, Inc.) changed their corporate name to GULF COAST FITNESS.

5.    At all times material to this action, Defendant, NFCF was, and continues to be, a Florida Profit company.  Further, at all times material to this action, Defendant was, and continues to be, engaged in business in Florida, with its principal places of business in Lee County, Florida.

6.    Upon information and belief, at all times material to this action, Defendant, CIANFERO, was and continues to be a resident of Lee County, Florida.

7.    At all times material to this action, Defendant CIANFERO was the General Manager of NFCF in Ft. Myers and Cape Coral, Florida and regularly held and/or exercised the authority to hire and fire employees of NFCF.

8.    At all times material to this action, Defendant CIANFERO regularly held and/or exercised the authority to determine the work schedules for the employees of NFCF.

9.    At all times material to this action, Defendant CIANFERO regularly held and/or

exercised the authority to control the finances and operations of NCFC.

10.     By virtue of having held and/or exercised the authority to: (a) hire and fire employees of NFCF; (b) determine the work schedules for the employees of NFCF; and (c) control the finances and operations of NCFC, Defendant, CIANFERO, is an employer as defined by 29 U.S.C. §201 *et. seq.*

11.     GGCC and GGFM are both fitness clubs owned by, and fictitious names of, NATIONAL FITNESS CLUBS OF FLORIDA, INC. and are currently jointly operating under the name of GULF COAST FITNESS.

12.     At all times relevant hereto, GGCC and GGFM were Plaintiff's "integrated employer" under the FLSA, because they had: (i) Common management; (ii) Interrelated operations; (iii) Centralized control of labor relations; and (iv) Common ownership/financial control.

13.     At all times relevant hereto, GGCC and GGFM were Plaintiff's "joint employer," for the purposes of FLSA coverage, pursuant to 29 C.F.R. §825.106, because: (i) There was an arrangement between them to share employees' services or to interchange employees; (ii) Each of them acted directly or indirectly in the interest of each other in relation to Plaintiff; or, (iii) They were not and are not completely disassociated with respect to the Plaintiff's employment, and shared control of Plaintiff, directly or indirectly, because each of them was under common control with each other.

14.     GGCC and GGFM are currently listed with the Florida Department of State, Division of Corporations, as "Active" businesses' owned by NFCF.  See Corporation search results for GGCC and GGFM attached hereto as Exhibits A and B, respectively.

15.     At all times material to this action, Plaintiff was "engaged in commerce" within

the meaning of §6 and §7 of the FLSA.

16.    At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

17.    At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

18.    Defendants were, and continue to be, "employers" within the meaning of the FLSA.

19.    At all times material to this action, NFCF, was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

20.    The annual gross revenue of NFCF was in excess of $500,000.00 per annum during the relevant time periods.

21.    At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as computers, cash registers, and exercise equipment.

22.    At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23.    On or about November 23, 2014, Defendants hired Plaintiff to work as a non-exempt, hourly-paid front desk employee for Defendants' Ft. Myers fitness center.

24.    Plaintiff's job duties included, but were not limited to, greeting customers, speaking with customers on the phone, answering customer questions, and receiving customer complaints.

25.     During her employment, Plaintiff worked at both the Fort Myers and Cape Coral locations of Defendants' enterprise.

26.     At all times from approximately November 23, 2014, through January 2015; and March 2015 through June 2015, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

27.     From approximately November 23, 2014, through January 2015; and March 2015 through June 2015, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for any and all hours worked in excess of forty (40) hours in one or more workweeks. Specifically, while Plaintiff was paid at her regular rate for overtime hours, she was not paid any overtime premium for the hours over forty that she was required to work.

28.     These violations occurred in both the Fort Myers and Cape Coral locations.

29.     The additional persons who may become plaintiffs in this action are other hourly employees who were paid only their straight hourly rate for hours over forty.

30.     Plaintiff, and those similarly situated, should be compensated at the rate of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in one or more workweeks, as required by the FLSA.

31.     Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

32.     Defendants have violated Title 29 U.S.C. §207 from at least approximately November 23, 2014, through January 2015; and March 2015 through June 2015, in that:

      A.     Plaintiff, and those similarly situated, worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants;

B.     No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, and those similarly situated, at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

C.     Defendants have failed to maintain proper time records as mandated by the FLSA.

33.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful. Plaintiff requested to be paid the proper overtime premium, and was told that she would only be paid straight time for her overtime hours.

34.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

<u>**COUNT I**</u>
<u>**RECOVERY OF OVERTIME COMPENSATION**</u>

35.     Plaintiff re-alleges paragraphs 1 through 34 of the Complaint, as if fully set forth herein.

36.     From approximately November 23, 2014, through January 2015; and March 2015 through June 2015, Plaintiff worked hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

37.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours.

38.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

39.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours in one or more workweeks when they knew, or should have known, such was, and is, due.

40.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours in one or more workweeks, plus liquidated damages.

41.     Upon information and belief, other individuals who worked for Defendants in the three years preceding the filing of this Complaint were also not paid proper overtime in one or more workweeks during their employment pursuant to the same management practices, policies or plans applicable to Plaintiff, and described in this Complaint.

42.     Plaintiff, and those similarly situated, are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on her behalf and on behalf of those similarly situated, requests conditional certification; pursuant to Section 216(b) of the FLSA, of hourly employees who worked for Defendants in the three years preceding the filing of the Complaint, an order permitting Notice to all potential class members; a Declaration that Defendants' policy violates the FLSA; entry of judgment in Plaintiff's favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this _____ day of September, 2015.

Respectfully Submitted,

Angeli Murthy, Esquire
FBN: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*