UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN RUSS, on her own behalf and on behalf of those similarly situated,

Plaintiff,

v. Case No: 2:15-cv-554-FtM-29MRM

NATIONAL FITNESS CLUBS OF FLORIDA, INC., a Florida profit corporation and JOSEPH CIANFERO, individually,

Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on the parties' Joint Stipulation and Motion for Order to Facilitate Notice to Potential Class Members (Doc. #26) filed on January 21, 2016.

**I.**

On September 14, 2015, plaintiff Karen Russ (“Russ” or “plaintiff”) filed a Complaint (Doc. #1), on her own behalf and on behalf of those similarly situated, against National Fitness Clubs of Florida, Inc. d/b/a Golf Coast Fitness d/b/a Gold’s Gym of Cape Coral d/b/a Gold’s Gym of Fort Myers (“NFCF”) and Joseph Cianfero (“Cianfero”) (collectively “defendants”), seeking relief under the Fair Labor Standards Act (FLSA) for recovery of unpaid overtime wages. An additional plaintiff thereafter filed a Consent to Join (Doc. #5) to opt-in to the collective action.

Russ alleges that defendant NFCF is a Florida Profit company doing business in Florida and that defendant Cianfero was an individual employed by NFCF that regularly held and/or exercised the authority to hire and fire employees, determine work schedules, and control the finances and operations of NFCF. (Doc. #1, ¶¶ 7-9.) On or about November 23, 2014, defendants hired plaintiff to work as a non-exempt, hourly paid front desk attendant at defendants' Fort Myers location. (Id. ¶ 23.) From November 23, 2014 through January 2015 and March 2015 through June 2015, plaintiff worked in excess of forty (40) hours within a workweek. (Id. ¶ 26.) During this time, defendants failed to compensate Russ at a rate of one and one-half times her regular pay for the hours worked in excess of 40 hours in a workweek. (Id. ¶ 27.) Plaintiff alleges willful and/or reckless disregard and seeks actual and liquidated damages, costs, expenses, and attorneys' fees. (Id. at 7.) Plaintiff further alleges that defendants failed to maintain proper time records as mandated by the FLSA. (Id. ¶ 38.)

**II.**

An action to recover unpaid overtime compensation, 29 U.S.C. § 207, under the Fair Labor Standards Act (FLSA),

> may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent

> in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). The purpose of such a collective action is "to avoid multiple lawsuits where numerous employees have allegedly been harmed by a claimed violation or violations of the FLSA by a particular employer." Prickett v. Dekalb County, 349 F.3d 1294, 1297 (11th Cir. 2003).

To demonstrate that plaintiffs are "similarly situated", an opt-in plaintiff "need show only that their positions are similar, not identical, to the positions held by the putative class members." Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001)(quotations and citations omitted). The Eleventh Circuit has adopted a two-tiered approach to certification, as described in Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995):

> The first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. If the district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial.

Hipp, 252 F.3d at 1218 (footnote omitted).

Before providing notice, a plaintiff must offer a "reasonable basis" for his assertion that there are other similarly situated employees who desire to opt-in. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008)(citations omitted). At the first stage, the Court applies a "fairly lenient standard," Anderson v. Cagle's Inc., 488 F.3d 945, 953 (11th Cir. 2007), although there must be more than counsel's unsupported assertions. Morgan, 551 F.3d at 1261.

**III.**

Plaintiff and defendants jointly seek conditional certification for purposes of sending notice pursuant to 29 U.S.C. § 216(b) to individuals who worked over forty hours in one or more workweeks within three years of the date this action was filed. (Doc. #26.) The parties agree that those individuals are sufficiently similarly situated to warrant issuing notice. (Id.) The parties assert there are four individuals in addition to the two who have already opted-in to this action that have been identified as hourly employees of defendant that were not paid time and one half of their regular rate for all overtime hours worked. (Id.) The parties stipulate that the requirements for sending notice to the potential opt-ins in this case have been met and request the Court permit plaintiff's counsel to contact the

four potential opt-ins at their last known telephone numbers and to send them the attached notice and opt-in form. (Id. at 3.)

The parties seek to define the putative class as any employee who worked for NFCF between September 14, 2012 through the present and were not paid overtime compensation to which they were entitled. (Doc. #26-1.) As the statute of limitations for willful violations is three years, Kaplan v. Code Blue Billing & Coding, Inc., 504 F. App'x 831, 833 (11th Cir. 2013), this time period is within the applicable statute of limitations as the Complaint was filed on September 14, 2015. Further, the parties have agreed that the four individuals they seek to contact are similarly situated. (Doc. #26.) Accordingly, the Court grants conditional certification for the class of individuals who worked for NFCF between September 14, 2012 and the present that were not paid overtime compensation for hours worked in excess of forty within a workweek.

The parties provided a proposed notice and opt-in form to which they have agreed. The Court approves the notice with one exception, the notice should warn potential class members that, should NFCF prevail, all class members may be held responsible for NFCF's defense costs. White v. Subcontracting Concepts, Inc., No. 08-CV-620, 2008 WL 4925629, at *2 (M.D. Fla. Nov. 14, 2008). In accordance with the above, the plaintiff shall file a revised proposed notice with the Court on or before March 17, 2016. If

the notice is agreed to, the plaintiff shall so indicate, otherwise defendants shall file any objections to plaintiff's revised notice on or before March 24, 2016.

Accordingly, it is hereby

**ORDERED:**

1. The Parties' Joint Stipulation and Motion for Order to Facilitate Notice to Potential Class Members (Doc. #26) is **GRANTED in part and DENIED in part.**

2. Conditional certification is granted for the putative class of individuals that worked for defendant National Fitness Clubs of Florida, Inc. between September 14, 2012 and the present and did not receive overtime compensation for hours worked in excess of forty within a workweek.

3. In accordance with this Opinion and Order, plaintiff shall file a revised proposed notice with the Court on or before March 17, 2016. If the notice is agreed to, the plaintiff shall so indicate, otherwise defendants shall file any objections to plaintiff's revised notice on or before March 24, 2016.

**DONE and ORDERED** at Fort Myers, Florida, this __10th__ day of March, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record